Loring, J.,
delivered the opinion of the Court.
The petitioner claims a, balance of account dne to him on a contract for railroad cars. The facts found by the court are :
First. That in September, 1861, the cars contracted for were needed for immediate use on the Pacific railroad in Missouri, for the transportation of men and supplies in the military operations of the department ©f the west, then in command of Major General Frémont.
Second. That the Pacific Railroad Company had not the cars needed for immediate use, and could not furnish them, because it had not the pecuniary means; and that the cars could not he purchased in the market, nor obtained except by contract for their construction.
Third. That on the twenty-second day of September, 1861, a contract was made in writing and under seal by J. McKinstry, brigadier general and quartermaster, for and in behalf of the United States of the first part, and by the petitioner of the second part, whereby it was agreed :
*69 1st. That the petitioner should furnish to the United States fifty box ears, and fifty platform cars, to be built according to the plans and specifications to be furnished by Captain Castle, strictly to his acceptance, and whose opinion as to the workmanship, &c., was to be final between the parties.
2d. That fifty of said cars were to be delivered in eighteen days, and fifty in thirty days, on the track of the Pacific Eailroad Company, free of expense to the United States, and as many more as the party of the first part may require, in forty-five days from the date of this contract.
Fourth. That the petitioner should bepaid at the quartermaster’s office in St. Louis, Missouri, eight hundred and twenty-five dollars for each of the box cars, and seven hundred dollars for each of the platform cars, at the time of tlieir delivery and acceptance by Captain Castle.
Fifth. Under this contract fifty box cars and fifty platform cars were built by the petitioner and delivered by him, and approved by Captain Castle, and received and taken into use by the United States, who required no more cars of the petitioner under the contract.
Sixth. That by his performance of his contract the petitioner became entitled to receive from the United States, and they became liable to pay to him, the contract price for the cars delivered and accepted, amounting to $76,250.
Seventh. That the petitioner presented his claim to the Holt-Davis-Campbell commission, and they allowed to him thereof the sum of $58,750, and gave him their voucher therefor on' the condition that he should sign the receipt and agreement set forth in the case of Theodore Adams v. The United States.
7th. That the petitioner protested against the action of said commission in requiring the agreement and receipt aforesaid, and signed the agreement under said protest.
8th. That on the said voucher received from the commissioners there has been paid by the United States to the petitioner the said sum of $58,750, leaving unpaid the sum of $17,500, which is claimed in this suit.
As the contract in this case was duly made with the petitioner by the officer of the quartermaster’s department on the part of the United States, and was duly performed by the petitioner, a majority of the court are of opinion that he is entitled to the balance claimed on the contract, of seventeen thousand and five hundred dollars, and that he is not'barred from its recovery by the agreement required of him by *70 the commissioners as above stated, for the reasons given in the opinions of the court in the other cases of this class. •>
Judgment is to be entered for the petitioner for the sum of $17,500, and a certificate thereof given to him.